UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------- X

WILCAC LIFE INSURANCE COMPANY,

Plaintiff,

-against-

RITA HOLLAND, and JILL HOLLAND-NASH,

Defendants.

---------------------------------------------------------------------- X

**ORDER**
16-CV-06303 (JMA)(AKT)

FILED
CLERK
1/23/2018 3:10 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

APPEARANCES:

Robert Wright
White and Williams LLP
One Penn Plaza
250 W. 34th Street, Ste. 4110
New York, NY 10019
*Attorney for Plaintiff*

David Ian Lieser
Certilman Balin Adler & Hyman
90 Merrick Avenue, 9th floor
East Meadow, NY 11554
*Attorney for Defendant and Cross Claimant*

**AZRACK, United States District Judge:**

Plaintiff Wilcac Life Insurance Company ("Wilcac") is the issuer of a life insurance policy to Ronald Holland (the "Insured"), providing for a death benefit payable to the policy's beneficiary at the time of the Insured's death. (Compl. ¶¶ 7-11.) Following the Insured's death, plaintiff brought this interpleader action on November 14, 2016 against defendant Rita Holland, the surviving spouse to the Insured ("Holland"), and defendant Jill Holland-Nash, the surviving daughter to the Insured ("Holland-Nash", collectively, "Defendants"), pursuant to the federal interpleader statute, 28 U.S.C. ¶ 1335 and Federal Rule of Civil Procedure 22. By its interpleader, plaintiff seeks an order, inter alia, directing Wilcac to deposit the proceeds of the

policy, plus interest, with the Court, and permitting Defendants to plead against each other concerning their claims as to the policy benefits. (Compl. at 5-6.)

Pending before this Court is Holland's April 7, 2017 motion for default judgment ("Motion for Default Judgment"), as well as plaintiff's May 12, 2017 cross motion to deposit funds ("Cross Motion"). For the reasons set forth below, Holland's Motion for Default Judgment is GRANTED in part and DENIED in part, and plaintiff's Cross Motion is GRANTED in part and DENIED in part.

## I.   Background

On March 1, 1993, Wilcac issued a Flexible Life Insurance with Premium Adjustment Provision Policy, Policy Number 87025579 (the "Policy") to the Insured. (Compl. ¶ 7.) The Policy provides a death benefit, payable to the beneficiary upon the death of the Insured in the amount of $35,000 (the "Death Benefit"). (Compl. ¶ 9.) On his application for life insurance, the Insured designated his beneficiaries as follows: "JILL HOLLAND – WIFE – 1st" and "CHILDREN OF MARRIAGE – 2nd." (Compl. ¶ 8.) The Insured died on June 28, 2016. (Compl. ¶ 14.) Both Holland and Holland-Nash submitted documentation to plaintiff claiming each is the primary beneficiary of the Policy and entitled to the Death Benefit. (Compl. ¶¶ 18-21.)

On November 14, 2016, Wilcac filed its interpleader action. On November 28, 2016, both Holland and Holland-Nash executed a waiver of service of the summons. On January 26, 2017, Holland filed an answer along with cross-claims against Holland-Nash, which was served on Holland-Nash on February 18, 2017. (See ECF Nos. 8, 9.) In her cross-claims, Holland alleges that she was the intended primary beneficiary of the Policy and that the reference to Holland-Nash was an oversight and scrivener's error.

2

On April 4, 2017, Holland requested a Certificate of Default as to Holland-Nash.  (See ECF No. 12.)  On April 7, 2017, the Clerk of this Court executed and filed a Certificate of Default pursuant to Federal Rule of Civil Procedure 55(a), noting Holland-Nash's failure to appear or otherwise defend the action.  (See ECF No. 14.)

On April 7, 2017, Holland filed its Motion for Default Judgment, pursuant to which Holland seeks an order: (1) declaring Holland to be entitled to the full proceeds of the Policy; (2) directing Plaintiff to pay out the full proceeds on the Policy, with interest, to Holland; and (3) denying Plaintiff any monies for costs, expenses, and attorneys' fees in connection with the interpleader action.  (Memorandum in Support of Motion for Default Judgment at 1, 5.)

On May 12, 2017, plaintiff filed its Cross Motion, pursuant to which plaintiff seeks an order denying defendant Holland's requested relief in its entirety, and (1) directing plaintiff to deposit the sum of $35,000, plus interest, with the Clerk of the Court, (2) dismissing plaintiff from this action with prejudice following deposit of the Death Benefit with the Court; and (3) enjoining Defendants from instituting any action or other proceeding in any state or United States court affecting the subject matters involved in the action.  (Memorandum in Support of Cross Motion at 9.)

## II.   Discussion

### A. Holland's Motion for Default Judgment

In determining whether a default judgment should be entered under Federal Rule of Civil Procedure 55(b)(2), "courts are to exercise sound judicial discretion."  Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007).  After the Clerk of the Court has filed an entry of default against a party, "all of the well-pleaded allegations in a complaint pertaining to liability are deemed true."  Carlone v. Lion & the Bull Films, Inc., 861 F. Supp. 2d

3

312, 319 (S.D.N.Y. 2012). Various factors can be considered in determining whether a default judgment is warranted, including:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Briarpatch Ltd., L.P., 513 F. Supp. 2d at 3 (quoting Badian v. Brandaid Commc'ns Corp., No. 03-CV-2424, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004)). The grounds for a default judgment have been established here. Holland-Nash has failed to plead or otherwise defend in this action, despite having been properly served with the pleadings. It does not appear that issues of substantial public importance are at play. In addition, it appears unlikely that Holland-Nash would be able to demonstrate the good cause necessary to vacate a default judgment pursuant to Federal Rule of Civil Procedure 55(c). Id.

Accordingly, Holland's request for default judgment against Holland-Nash is GRANTED. Holland's request to deny plaintiff monies for costs, expenses, and attorneys' fees in connection with the interpleader action is also GRANTED.[1] Based on the reasons addressed in the decision on plaintiff's Cross Motion below, Holland's request directing plaintiff to pay out the Death Benefit directly to Holland is hereby DENIED.

---

[1] The Court notes that plaintiff does not formally move for attorneys' fees and costs in its Cross Motion, although it requests for Holland's Motion for Default Judgment to be denied in its entirety. Regardless, the Court declines to award attorneys' fees and costs in this case. The "decision to award fees and costs is left to the sound discretion of the district court, and courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." PVH Corp. v. Houle, No. 16-CV-1401, 2017 WL 991107, at *1 (S.D.N.Y. Feb. 15, 2017) (quoting Guardian Life Ins. Co. v. Gilmore, 45 F. Supp. 3d 310, 320-21 (S.D.N.Y. 2014)). Courts "generally decline to award attorneys' fees and costs in interpleader suits in connection with the payment of insurance policies." Id. This "is particularly true where the issues presented are not complex, the suit does not present any unique problems, and only a modest amount of funds are at stake." Id (quoting Feehan v. Feehan, No. 09-CV-7016, 2011 WL 497852, at *8 (S.D.N.Y. Jan. 10, 2011)).

4

### B. Plaintiff's Cross Motion

"The federal interpleader statute is a remedial device designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006) (quoting Fidelity Brokerage Servs., LLC v. Bank of China, 192 F.Supp.2d 173, 177 (S.D.N.Y.2002)) (internal quotation marks omitted). "Under the interpleader statute, the District Court is empowered to determine disputes involving adverse claims to a common fund of more than $500 by parties of minimally diverse citizenship, when the common fund is being held by a neutral stakeholder." Id. at 129-30 (citing 28 U.S.C. § 1335). The plaintiff must allege "a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." New York Life Ins. Co. v. Apostolidis, 841 F. Supp. 2d 711, 716 (E.D.N.Y. 2012) (citations and internal quotation marks omitted).

The requirements for an interpleader action have been met in this case. Wilcac is holding a fund of $35,000, and is a neutral party with no position as to the disbursement of the funds. Further, according to the complaint, defendant Holland is a citizen of the State of New York and defendant Holland-Nash is a citizen of the State of South Carolina. (Compl. ¶¶ 2, 3.) The Defendants both have claimed that they are entitled to the Death Benefit. (Compl. ¶¶ 18-21.)

Plaintiff has requested this Court to permit it to deposit the sum of $35,000, plus interest, with the Clerk of the Court. Courts in this jurisdiction have held that a deposit or bond is "plainly required" in order to maintain an interpleader action. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 398 (S.D.N.Y. 2006). Plaintiff's request is hereby GRANTED. Plaintiff is directed to deposit the sum of $35,000, plus interest pursuant to the terms of the

Policy, within thirty (30) days of entry of this decision.  Upon receipt of the deposit, the Clerk of the Court is directed to transfer the full amount of the deposit directly to defendant Rita Holland.

Plaintiff has further requested to be dismissed from this action with prejudice following deposit of the Death Benefit with the Court.  The Court finds that plaintiff has satisfied all of the jurisdictional requirements under 28 U.S.C. § 1335, and there is no indication, that as a neutral stakeholder, plaintiff is independently liable to any claimant.  See New York Life Ins. Co. v. Apostolidis, 841 F. Supp. 2d 711, 720 (E.D.N.Y. 2012).  Therefore, once the Death Benefit along with interest is deposited, plaintiff is directed to notify the Court with a proposed order.  At that time, plaintiff will be released and discharged from any further liability to any party in this action or arising out of the Policy issued to Ronald Holland, identified by policy number 87025579.

Finally, plaintiff requests that this Court permanently enjoin Defendants from instituting any action or other proceeding in any state or United States court affecting the subject matters involved in the action.  The Court finds that a permanent injunction restraining Defendants from bringing any suits against plaintiff with regard to the Death Benefit at issue is appropriate.  See id.

### III.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that defendant Rita Holland is entitled to the Death Benefit, constituting the proceeds of the life insurance policy issued to Ronald Holland, identified by policy number 87025579; **and it is further**

**ORDERED** that plaintiff Wilcac is directed to deposit the sum of $35,000, plus interest pursuant to the terms of the Policy, with the Clerk of the Court within thirty (30) days of the date of this

Order.  Upon payment of the funds with the Clerk of the Court, the Plaintiff shall be released and discharged from any further liability to any party in this action arising out of the life insurance policy issued to Ronald Holland, identified by policy number 87025579; **and it is further**

**ORDERED** that the Defendants are enjoined from instituting any action or other proceeding in any state or United States court affecting the subject matters involved in this interpleader action, **and it is further**

**ORDERED** that upon receipt of plaintiff Wilcac's deposit, the Clerk of the Court is directed to disburse the full amount of the deposit to defendant Rita Holland.

**SO ORDERED.**

Date: January 23, 2018
Central Islip, New York

                                                      /s/ (JMA)
                                                    Joan M. Azrack
                                                    United States District Judge